ORIGINAL

MATTHEW H. MEAD
United States Attorney
CAROL W. STATKUS
STEVEN K. SHARPE
Assistant United States Attorneys
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Facsimile: 307-772-2123

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 2 8 2005 8:30

Stephan Harris, Clerk
Cheyenne

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04CV0359-J |
| | ) | |
| **$204,960.00 IN UNITED STATES CURRENCY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| **GARY ABENA,** | ) | |
| | ) | |
| Claimant. | ) | |

## UNITED STATES TRIAL BRIEF ON ADMISSIBILITY OF
## CLAIMANT'S PRIOR DRUG CONVICTIONS & PRIOR ASSET FORFEITURES
## AND RESPONSE TO CLAIMANT'S MOTION IN LIMINE

The United States of America, through the United States Attorney, District of Wyoming, and

Assistant United States Attorneys Steven K. Sharpe and Carol A. Statkus, files this trial brief on the

admissibility of evidence pertaining to Claimant's prior drug convictions and prior asset forfeitures.

### I. Evidence of Prior Drug Activity is Probative and Admissible:

Claimant argues that the United States should not be allowed to present evidence pertaining

to Claimant's prior convictions for trafficking in large quantities of controlled substances, as well

as evidence pertaining to his prior asset forfeiture where cash and a vehicle were seized and forfeited

In so arguing, Claimant asks this Court to ignore a substantial body of case law where courts have repeatedly recognized that evidence of a claimant's prior drug history is a very important and probative fact in a civil forfeiture proceeding.  Furthermore, Claimant erroneously premises his argument to preclude this evidence on Fed. R. Evid. 404(b).  Rule 404(b) pertains to the admissibility of prior crime evidence to prove "the character of a <u>person</u>;" as such, the Rule clearly has no application to an "in rem" case where the sole issue is whether a connection exists between the defendant <u>property</u> and illegal drug activity.[1]  The United States will address the fallacy of Claimant's arguments in more detail below:

### A. Courts have consistently allowed evidence of claimant's prior drug activity in civil forfeiture cases.

Courts have held that "a <u>claimant's record</u> of drug activity is a <u>highly probative factor</u> in the forfeiture calculus." (emphasis added) *United States v. $118,170.00 in U.S. Currency,* 2003 WL 21659445 (6th Cir. 2001) *citing United States v. $67,220.00 in United States Currency,* 957 F.2d 280, 286 (6th Cir. 1992); *United States v. $83,310.78,* 851 F.2d 1231, 1236 (9th Cir. 1988)(holding that money carrier's prior arrest and conviction record is probative evidence in forfeiture case); *United States v. $8,880,* 945 F. Supp. 521 W.D.N.Y. 1996)(claimant's history of drug trafficking cited as factor supporting forfeiture); *United States v. $99,990 in U.S. Currency,* 2003 WL 21698849 (6th Cir.

---

[1] Claimant fails to cite a single case (and the Government could find none) where a court has applied Rule 404(b) to preclude evidence of a claimant's prior conviction or prior drug history in a civil forfeiture case. Rule 404(b) proscribes admission of evidence of prior crimes, wrongs or acts if offered "to prove the character ***of a person*** in order to show that he acted in conformity therewith." Fed. R. Evid. 404(b). In criminal cases, court's carefully apply the "four part" test set out in *United States v. Huddleston,* 485 U.S. 681 (1988) to ensure that a criminal defendant is not made to suffer a false conviction and a loss of liberty on account of the inflammatory impact of a prior conviction. *See, e.g., United States v. Wilson,* 107 F.3d 774 (10th Cir. 1997). Those same weighty concerns that cause courts in criminal cases to closely examine the impact of prior bad act evidence do not apply in civil *in rem* cases where the defendant is not a "person," but is rather property or currency.

2003)(claimant's ten year old marijuana conviction cited as factor supporting the forfeiture of money).

In this case, the United States will present evidence at trial of Claimant's prior drug trafficking activity. It is undisputed that, in 1989, Claimant pled guilty to six (6) felony counts pertaining to the trafficking of lysergic acid diethylamide (LSD) in the United States District Court for the Eastern District of Missouri. Claimant received a **sentence of 12 years** (144 months) imprisonment as a result of his various drug trafficking convictions. (Claimant's Admissions, Numbers 2 through 9).

Additionally, the United States will prove that, in 1986, agents with the California Bureau of Narcotics conducted a search of Abena's residence in California, and also searched the residence of Abena's suspected partner in drug trafficking. Agents seized one kilogram of cocaine from the residence of Abena's suspected drug partner, and $22,000 in drug proceeds from Abena's residence. Agents also discovered, during the search, that Abena's vehicle was equipped with a hidden compartment. The $22,000 in proceeds seized from Abena's residence and Abena's vehicle were forfeited to law enforcement without any contest from Abena. (*See* Claimant's Admissions, numbers 27 and 29).

Claimant's prior drug trafficking convictions and his prior drug forfeitures are highly probative evidence establishing a "substantial connection" between the defendant currency in this case and illegal drug activity. Courts have recognized that evidence of a claimant's prior drug involvement is "highly probative" in a civil forfeiture case, even in cases where several years have elapsed between the prior conviction and the seizure of the property that is subject to forfeiture. For example, in *United States v. U.S. Currency, $83,310.78,* 851 F.2d 1231, 1236 (9th Cir. 1988) the

3

Ninth Circuit held that evidence of a 12 year drug old conviction was probative in a civil forfeiture case involving a large quantity of money. As stated by the court in that case, "[e]vidence of [claimant's son's] 1973 conviction for possession of a controlled substance for sale, his 1983 conviction for possession and his arrest for possession in 1984 are circumstances demonstrating more than a mere suspicion of his involvement in illegal drug transactions." 851 F.2d at 1236. Similarly, in *United States v. $99,990.00 in U.S. Currency,* 2003 WL 21698849 (6th Cir. 2003) the Sixth Circuit cited a claimant's ten (10) year old marijuana conviction as one of the factors that justified forfeiture of the defendant currency in that case.

The above cases support the common sense notion that Claimant's prior drug trafficking convictions and his prior asset forfeitures in this case constitute probative evidence establishing a logical "connection" between the large quantity of cash seized and illegal drug trafficking.

Recognizing that evidence of an individual's prior drug history is a "highly probative factor in the forfeiture calculus," (*see United States v. $67,220.00 in United States Currency,* 957 F.2d 280, 286 (6th Cir. 1992)), courts in civil forfeiture cases have granted the government broad latitude to introduce facts pertaining to the claimant's prior drug history and prior drug convictions. The fact that courts afford the government broad latitude to introduce evidence of the person's prior drug involvement in civil forfeiture cases is not surprising. Unlike criminal cases, which involve an individual's liberty interests, the sole issue in civil forfeiture cases is whether a "nexus" exists between the "defendant property" and an illegal drug transaction.

Court's have consistently allowed the government to meet its burden of proof in civil forfeiture cases by offering evidence on a wide range of relevant areas, such as the large quantity of currency seized, the manner of packaging of the currency, a canine's alert to the currency, a

4

claimant's false or inconsistent stories, a claimant's lack of any legitimate income, and, most importantly, evidence that a claimant was previously involved in drug activity. *See, e.g., United States v. $99,990 in U.S. Currency*, 2003 WL 21698849 (6th Cir. 2003); *United States v. $118,170 in U.S. Currency*, 2003 WL 21659445 (6th Cir. 2003); *United States v. $83,310.78*, 851 F.2d 1231 (9th Cir. 1988); *United States v. $22,991 More or Less in U.S. Currency*, 227 F. Supp. 2d 1220 (S.D. Ala. 2002).

In this case, evidence that the Claimant was previously convicted of trafficking in large quantities of drugs, and also that he previously had property forfeited to the government in a drug forfeiture case, is highly probative evidence to establish that the defendant $204,960 currency in this case is logically "connected" to drug activity and is subject to forfeiture under 21 U.S.C. 881(a)(6).

## B. Claimant wants this Court to ignore fact that he received a 12 year prison sentence for his prior convictions.

Claimant attempts to distance himself from his prior drug dealing convictions by arguing that they are irrelevant as they happened "some 19 years earlier." (Claimant's Motion in Limine, page 2). Claimant is somewhat guilty of employing "fuzzy math" in his analysis. Claimant was convicted of his major drug trafficking crimes in 1989 (not 1986). Moreover, Claimant obviously wants this Court to ignore the obviously significant fact that the federal court judge in Missouri sentenced him to **12 years in prison** for his crimes. The seizure of the currency in this case happened just three (3) years after Claimant was finally released from his sentence in Missouri.[2]

---

[2]Bureau of Prison records show that Abena was incarcerated following his sentence and that he was ultimately assigned to a BOP prison camp called Camp Boron in California. Abena remained at Camp Boron until January 17, 1996 when he was re-designated or transferred to a half-way house. At some point in time after that, Abena was placed on supervised probation. Special Agent Curry obtained information that Abena was not release from probation supervision until June of 2001.

Even in criminal cases (where an individual's liberty interests are at stake and where courts employ greater scrutiny in examining the prejudicial impact of a prior conviction), the Tenth Circuit has made it clear that a court must use a flexible "fact specific" approach in determining whether a prior conviction is too remote in time to be admissible under Rule 404(b). Courts in criminal cases cannot arbitrarily reject the probative value of a prior conviction simply by counting the number of years that separate the offenses. As the Tenth Circuit stated in *United States v. Cuch*, 842 F.2d 1173 (10th Cir. 1988):

> There is no absolute rule regarding the number of years that can separate offenses. Rather, the court applies a reasonableness standard and examines the facts and circumstances of each case.

*Cuch*, 842 F. 2d at 1178, quoting *United States v. Franklin*, 704 F.2d 1183 (10th Cir.) *cert. denied*, 464 U.S. 845 (1983).

In *Cuch*, the Tenth Circuit stated that it was "misleading" for the criminal defendant in that case to argue that his prior conviction was too remote when, in fact, the defendant was incarcerated for a substantial period of time following his prior conviction. Other courts have likewise recognized that the period of time that a defendant is incarcerated between offenses must be "tolled" or taken into consideration in determining whether the prior conviction is too remote. *See United States v. Delay*, 2004 WL 433808 (D. Kan. 2004)(defendant overstates the significance of intervening time as he was incarcerated for substantial period during that time); *United States v. Gentile*, 104 F.3d 356 (2nd Cir. 1996)(defendant's argument that prior conviction was too remote in time did not succeed as defendant was incarcerated for two years during the intervening time period); *United States v. Alaniz*, 148 F.3d 929 (8th Cir. 1998).

6

Similarly, it is disingenuous for Claimant in this case to argue "staleness" of his prior conviction given the fact that he was incarcerated for a substantial period of the time following his prior drug conviction. The fact that Claimant has spent a substantial portion of his time since 1989 incarcerated and serving a federal drug sentence totally undercuts his claim that the prior conviction is remote or lacking in any probative value. Claimant obviously cannot present any evidence that he was working or engaged in any lawful activity that could possibly account for such an extraordinary quantity of cash being in his possession.. A reasonable jury is entitled to assess the interesting question of how a convicted drug felon like the Claimant—who is just three years removed from serving his prior drug sentence and who has no evidence of a job or any legitimate income—could possibly have over $200,000 in cash in his vehicle on a cross-country trip. Claimant's prior drug convictions and asset forfeitures are highly probative and important evidence for the jury to consider in answering this question.

Evidence pertaining to Claimant's prior drug activity is admissible and is not stale. Moreover, contrary to Claimant's argument, evidence of the 1989 convictions can clearly be used under Rule 609 to impeach Claimant's credibility should he be called to testify at trial.[3] Rule 609 "tolls" the 10 year period for any period of time that the witness is "confined" under the prior conviction. *See Cuch,* 842 F. 2d at 1178 at n3. Claimant is hereby placed on notice that the United States will seek to impeach Claimant with these convictions should he be called as a witness at trial.

---

[3] No question exists that Claimant's 1989 convictions can be used to "impeach" Claimant pursuant to Rule 609 should Claimant be called to testify as a witness at trial in this case. As noted by the Tenth Circuit in *Cuch,* "[u]nder Rule 609(b), the ten year period runs from 'the date of the conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date. . .'" 842 F.2d at 1178 n.3. The Tenth Circuit noted that the ten year period is effectively "tolled" under Rule 609 for the period of time while the defendant is incarcerated.

**C. Claimant's Cases are Easily Distinguishable.**

Claimant cites only two cases in support of his motion: *United States v. $10,700 in U.S. Currency*, 258 F.3d 215 (3d Cir. 2001) and *United States v. $5,000 in U.S. Currency*, 40 F.3d 846 (6th Cir. 1994). Both of these cases are easily distinguishable. First, neither case involves anywhere close to the quantity of currency involved in this case, which is an important distinguishing fact when looking at the probative weight to be afforded to a prior conviction. A claimant's prior drug conviction is obviously more probative to establishing a drug "connection" where a large quantity of currency is seized from the claimant, than where a relatively small amount of cash is seized. Indeed, the Sixth Circuit recognized this important fact in the *$5,000* case cited by Claimant, stating:

> While this Court has recognized that **"carrying a large sum of cash is strong evidence of some relationship with illegal drugs,"** *$67,220.00*, 957 F.2d at 285, we agree with the 9th Circuit that "[f]ifteen to twenty thousand dollars is hardly enough cash, standing alone, to justify more than a suspicion of illegal activity."

*$5,000*, 40 F.3d at 850 (emphasis added). Given the comparatively small amounts of currency seized in both cases cited by Claimant, it is easy to understand the courts' rulings in those cases that the claimants' prior drug convictions lacked sufficient probative weight to prove or establish that the relatively small amounts of currency at issue in those forfeiture cases were "connected" to drug activity as opposed to other (possibly legal) explanations for the currency. Obviously, the same facts do not exist in this case where $204,960.00 was found in the Claimant's possession, and where it is undisputed that the large sum of cash that the Claimant was hauling does not come from any legitimate source.

Not only has Claimant failed to present any evidence showing that he has <u>any</u> legitimate income that would account for the enormous amount of cash in his possession, but the jury in this

8

case will, in fact, be instructed that the defendant currency <u>does not</u> come from any legitimate source. These facts make the present case easily distinguishable from the two cases cited by the Claimant.[4] The fact that the present forfeiture case involves a "large sum of cash," in conjunction with the undisputed evidence that the Defendant currency does not come from any "legitimate source," makes Claimants' prior drug convictions and drug history extremely probative in this case to explain the source of the large sum of currency that was seized.. Evidence of Claimant's prior drug trafficking history is highly probative and important to establish the "connection" in this case between the large sum of money found in Claimant's possession and illegal drug activity.

**D. Weight and Not Admissibility:**

Finally, while the fact that Claimant's prior drug convictions and his prior asset forfeitures happened several years ago is a fact which may impact the "weight" which the jury should afford the evidence, it clearly should not go to the "admissibility" of the evidence, particularly when court's in civil forfeiture cases have stated that the evidence of a claimant's prior drug involvement is a "<u>highly probative factor</u> in the forfeiture calculus."[5] *See also United States v. Kemper,* 503 F.2d 327, (6th Cir. 1974) ("The fact that the prior conviction in this case was 30 years old would only go

---

[4] The *$10,700* case is also distinguishable in other important aspects. For example, the court in *$10,700* placed great emphasis on the fact that the claimants in that case "did not lie" when the officer questioned them about the amount of currency in their possession. 258 F.3d at 232   In contrast, the Claimant in this case repeatedly lied about the currency; first, telling officers that he did not have a large amount of cash in his possession, and later, after the cash was found, attempting to convince them that the cash came from art and turquoise sales. Claimant has now "asserted the Fifth Amendment" in this case and has refused to provide any information as to either the purpose of his trip to the east coast, or the source of the currency. Claimant's prior drug history and convictions are highly probative in this case in light of these different facts.

[5] *See United States v. $118,170.00 in U.S. Currency,* 2003 WL 21659445 (6th Cir. 2001) *citing United States v. $67,220.00 in United States Currency,* 957 F.2d 280, 286 (6th Cir. 1992)(emphasis added).

9

to its weight and not its admissibility.") At most, the fact that the Defendants' prior drug convictions for major drug trafficking crimes, and his prior asset forfeitures, happened in 1989 and 1986 respectively, is a fact going to the weight which the jury may afford the evidence and not its admissibility.

## II.   Claimant's Other Issues:

**A. Gary Abena** : Claimant asserts that the United States should not be allowed to call Gary Abena as a witness in this case, despite the fact that Abena is a party to this lawsuit and has filed a claim seeking the return of the Defendant currency.  Claimant fails to offer this court any case law or legal analysis as to why this Court should preclude the government from calling him to testify at a trial where he has affirmatively asserted a claim to the money.

Claimant appears to forget that the present case is a "civil" proceeding, and not a criminal proceeding, and that "the Fifth Amendment does not forbid adverse inferences against civil litigants, including claimant's in civil forfeiture proceedings, who assert the privilege against self-incrimination." *Arango v. U.S. Department of Treasury*, 115 F.3d 922, 926 (11th Cir. 1997). *See also Baxter v. Palmigiano*, 425 U.S. 308, 318(1976) *United States v. Two Parcels of Real Property,* 92 F.3d 1123, 1129 (11th Cir. 1996); *United States v. $119,984.00 More or Less,* 304 F.3d 165, 176-77 (2d. Cir. 2002); *United States v. Certain Real Property & Premises Known as 4003-4005 5th Ave.,* 55 F.3d 78, 83 (2d Cir. 1995).

Despite the above cases, Claimant has failed to offer this Court any case law to support his claim that Claimant Abena cannot be called as a witness in this case.  The United States reserves the right to further brief this issue if requested by the Court.

**B. Steve Coronado:** In one paragraph, Claimant argues that the testimony of Mr. Coronado

10

should be barred. Claimant again fails to offer any facts or legal analysis to support his motion. The admissibility of Mr. Coronado's testimony cannot be decided by this Court in a vacuum, but must be decided at trial with a full development of all the pertinent facts. The United States will establish that Mr. Coronado's testimony is admissible at trial under the Federal Rules of Evidence and that his testimony is admissible under the co-conspirator hearsay exception as well as a statement against penal interests. The United States reserves the right to further brief this issue if requested by the Court.

**C. Expert Dog Testimony**: The United States does not intend to call either Ken Furton or Stefan Rose to testify in this case. However, the United States reserves the right to call David Chatfield to testify as to his drug dog's alert to the currency in the event that Claimant testifies and denies that the Defendant currency in this case is "drug money." In such an event, the United States submits that it would be entitled to offer Patrolman Chatfield's testimony as "impeachment" testimony under the "impeachment exception" to the exclusionary rule. *See United States v. Cusumano*, 67 F.3d 1497, 1512-1513 (10th Cir. 1995)(Kane, J. concurring). Court's have recognized that a "defendant's right to testify does not include the right of perjury." *Id.* Accordingly, evidence that has been illegally obtained can still be used to impeach testimony. *Id. See also Harris v. New York*, 401 U.S. 222, 224-26 (1971); *United States v. Baftiri*, 263 F.3d 856 (8th Cir. 2001).

**D. Prior One-Way Rentals**: The United States will show at trial that this was not the only "one way" car rental that the Claimant made from the east coast to California. Car rental records show that Claimant previously made two other "one-way" car rentals from the east coast to California in the fourteen months preceding this seizure. The United States is clearly entitled to offer this evidence to show that Claimant's offered explanation to Patrolman Dyer as to the reason

11

why he chose to drive back instead of fly (i.e. because of a recent increase in the "terror threat") is totally contrived.   Evidence that the Claimant had done the exact same thing on at least two prior occasions is relevant to show that the reasons offered by the Claimant in this case are untrue.

Courts have held that a claimant's false or inconsistent statements are important factors a court should consider in determining whether the government has met its burden of proof in a forfeiture action. *See United States v. $42,500,* 283 F.3d 977 (9th Cir. 2002)(claimant's implausible story cited as a factor in forfeiture case);*United States v. Gaskin,* 364 F.3d 438 (2d. Cir. 2004)(defendant's false statement cited as factor); *United States v. $84,615 in Currency,* ___ F.3d ___, 2004 WL 1746263 (8th Cir. 2004)(false statement); *United States v. $345,510,* 2002 WL 22042 (D. Minn. 2002)(inconsistent story); *United States v. $99,990 in U.S. Currency,* 69 Fed. Appx. 757, 2003 WL 21698849 (6th Cir. 2003)(false statement).

At a minimum, the United States is entitled to question Claimant about the prior trips during the course of the trial.   The probative value of this evidence is that is clearly establishes that the Claimant's statements to Patrolman Dyer--as to the reason he is driving instead of flying--are false

WHEREFORE The United States respectfully requests that this Court deny the Claimant's various motions in limine.

DATED this 28th day of September, 2005.

MATTHEW H. MEAD
United States Attorney

By: _____
STEVEN K. SHARPE
CAROL A. STATKUS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify on the 28th day of September, 2005, I served a true and correct copy of the foregoing **UNITED STATES' TRIAL BRIEF ON PRIOR DRUG CONVICTIONS** upon the following, by the method(s) indicated below.

Richard M. Barnett
103 West F. Street
San Diego, CA 92101

[ ] By Facsimile
[X] By U.S. Mail - postage prepaid
[ ] By Hand Delivery
[ ] By Overnight Courier

_____
For United States Attorney's Office

13